

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-25-00387-CV

───────────────────────

IN RE BILLY MARVIN WITT, III, Relator

---

Original Proceeding
97th District Court of Clay County, Texas
Trial Court No. 25-039-DCCR-0103

---

Before Womack, Birdwell, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

The court has considered relator's[1] petition for writ of mandamus and is of the opinion that relief should be denied. Accordingly, relator's petition for writ of mandamus is denied.

Per Curiam

Delivered: August 4, 2025

---

[1]The petition for writ of mandamus in this case was submitted on behalf of Billy Martin Witt, III by "Jeanie Rochelle Witt, on behalf of Billy Marvin Witt III" as "Managing Member and legal representative for Relator[.]" To represent another individual in court, a representative must have a license to practice law. *See* Tex. Gov't Code Ann. §§ 81.101, 81.102(a); Tex. Penal Code Ann. § 38.123. Jeanie Rochelle Witt is not a licensed attorney, and a power of attorney does not give a nonlawyer authority to represent another in court. *See, e.g., In re Flores*, No. 11-24-00173-CR, 2024 WL 3056108, at *3 (Tex. App.—Eastland June 20, 2024, orig. proceeding) (mem. op.); *In re Bailey*, No. 09-10-00412-CV, 2010 WL 4354021, at *2 (Tex. App.—Beaumont Nov. 4, 2010, orig. proceeding) (mem. op.). When an individual is not represented by counsel, all documents filed—including a petition for writ of mandamus—must be signed by the individual and include the individual's mailing address, telephone number, fax number if available, and email address. *See* Tex. R. App. P. 9.1(b). Further filings on behalf of the relator in this case by non-attorneys may be subject to being struck. *See In re Pritchard*, No. 05-20-00880-CV, 2020 WL 6866564, at *1 (Tex. App.—Dallas Nov. 23, 2020, no pet.) (mem. op.).